Ex parte BREESE.[1] (Circuit Court of Appeals, Fourth Circuit. November 10, 1899.) No. 343. Petition for mandamus to settle bills of exceptions. Charles A. Moore, for petitioner. Petition dismissed.

---

BUCKLEY v. CRANE. (Circuit Court of Appeals, Ninth Circuit. October 2, 1899.) No. 509. Appeal from the Circuit Court of the United States for the Southern District of California. Henry E. Highton, Theodore J. Roche, and Sullivan & Sullivan, for appellant. Sheldon Borden and Michael Mullany, for appellee. Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This suit was commenced by the appellee, Henry A. Crane, against the appellant, C. F. Buckley, in the superior court of Tulare county, Cal., from which, on motion of the defendant, it was transferred to the court below. The suit was upon a contract for the sale and purchase of a certain tract of land situated in Tulare county. The complainant alleged a violation on the part of the vendee of the terms of the contract, and prayed a foreclosure of his rights and interests thereunder, and a recovery of the possession of the property from him. The defendant answered the bill of complaint, and also filed a cross bill, in which he alleged that the execution of the agreement of sale sued upon was induced on his part solely by false and fraudulent statements and misrepresentations, made to him by the complainant and one Thomas Hayes, regarding the character and value of the property in controversy, and in pursuance of a conspiracy between Crane and Hayes. The case was tried in the court below upon this issue of fraud, resulting in a judgment dismissing the cross bill, and awarding the complainant the relief prayed for. The present appeal is from that judgment. The record is a very voluminous one, and has received careful consideration. The court below was of the opinion that the evidence did not sustain the charges contained in the cross bill. We are of the same opinion. To review the evidence in detail, however, would serve no useful purpose; so nothing more need be said. The judgment is affirmed.

### On Petition for Rehearing.

### (October 19, 1899.)

PER CURIAM. In this case the appellant has filed a petition praying for a rehearing as to a part of the judgment given herein on the 2d day of October, 1899, or for such a modification thereof as will allow the appellant until the 1st day of November, 1899, within which to make the payments required by the decree from which the appeal was taken. This petition is based upon the fact that the appellant made large payments under the contract of sale, for the foreclosure of which the suit was brought, and upon the claim that the appeal was taken and prosecuted by him in good faith, and in the honest belief that his allegations of fraud in the making of the contract were well founded. The record does show that the appellant made large payments under the contract, and that he has made other large expenditures in the improvement of the property which was the subject of the contract. It is also true that the sums remaining due from the appellant under the contract were large. These payments the decree of the court below, which was entered on the 16th day of November, 1898, required to be made prior to January 1, 1899, in order that the rights and interests of the appellant in the property be saved, which were by the decree otherwise forever foreclosed and ended. Under the circumstances appearing in the record, this court is of the opinion that it is equitable and just to allow the appellant until the 1st day of November, 1899, within which to make the payments required by the decree from which the appeal is taken; and, accordingly, it is ordered that the judgment of this court, entered herein on the 2d day of October, 1899, be, and hereby is, so modified as to read: "Cause remanded to the court below, with directions to substitute for the 1st day of January, 1899, the 1st day of November, 1899, within which the payments therein provided for are permitted to be made, and, as so modified, the decree is affirmed." The petition for a rehearing of the cause is denied.

[1] Rehearing denied November 22, 1899.